IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James David Nanney, #298657, | ) | C/A No.: 3:17-206-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bank of America and Donald S. Trump, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James David Nanney ("Plaintiff"), proceeding pro se and in forma pauperis, filed this amended complaint against Bank of America and Donald S. Trump ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

In the statement of the claim portion of the amended complaint, Plaintiff states:

[M]y 4 Billion Dollars of cash was not paid & my paperwork money was Damage Because Defendant's try to steal Bank Note Money, etc. Defendant use make America Great again without permission.

[ECF No. 13 at 5 (errors in original)]. Plaintiff seeks the following relief: "4 KB paperwork money was Damage Beyond repair or replacement By Defnedant's, I want $400 Billion Dollars In Relief Damage's which would have Been Bank of America's money." *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly

3

pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Plaintiff alleges the court has federal question jurisdiction over his claims pursuant to "a United States Top Bank money note For weapons For United States. & Top United States F.B.I. Involment confidential note." [ECF No. 13 at 3]. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

Although Plaintiff claims the court has federal question jurisdiction, Plaintiff fails to plead a specific violation of a federal statute or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. "[F]ederal jurisdiction [does not] attach on the bare assertion that a federal right or law has been infringed or violated." *Burgess*, 477 F.2d at 43–44. The allegations in Plaintiff's complaint are insufficient to show the case is one "arising under the

4

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, Plaintiff's case is subject to summary dismissal.[1]

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the amended complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 17, 2017                              Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] As an additional basis for dismissal, the allegations in Plaintiff's amended complaint are implausible, frivolous, and delusional. See *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding that a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted).

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).